

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,541-01

### EX PARTE LEROY HILBERT ZUBIATE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 13935-A IN THE 118TH DISTRICT COURT FROM HOWARD COUNTY

**NEWELL, J., filed a concurring opinion in which WALKER, J., joined.**

This case is about using Zoom for witness testimony at a parole revocation hearing. I agree with the Court and Judge Walker that Applicant, Leroy Hilbert Zubiate, is not entitled to habeas relief given the nature of parole revocation hearings. The United States Supreme Court has already held that the Sixth Amendment right to confront witnesses applies to "criminal prosecutions" not parole revocations.[1] So

---

[1] *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972).

to the extent that he's now claiming that the process used violates his Sixth Amendment right to confront witnesses, his complaint fails under binding United States Supreme Court precedent.  It is enough to simply say that the full panoply of rights due a defendant in such a criminal proceeding does not apply to parole revocations as the United States Supreme Court has already said.[2]  There is no reason to embellish the Court's legal analysis further with cases involving other applications of the Sixth Amendment in other types of proceedings.[3]  Rather than try to inflate the value and reach of an otherwise routine case, we should just rely upon *Morrissey* instead of trying to walk needlessly through wet cement.  With these thoughts, I concur in the judgment only.

Filed: March 26, 2025

Publish

---

[2] *Id.*

[3] By way of example, I see no need to consider the application of speedy trial rights post-conviction. Maj. Op. at 2 (citing *Betterman v. Montana*, 578 U.S. 437, 439 (2016) (the Sixth Amendment right to a speedy trial does not apply after a conviction or guilty plea)). Nor is it necessary to address the question of what a witness is or is not. Maj. Op. at 3 (citing *Cruz v. New York*, 481 U.S. 186, 190 (1987) (recognizing that the principle that "a witness whose testimony is introduced in a joint trial with the limited instruction that it be used only to assess the guilt of one of the defendants will not be considered a witness 'against' the other defendants" does not apply to "validate, under the Confrontation Clause, introduction of a non-testifying codefendant's confession implicating the defendant, with instructions that the jury should disregard the confession insofar as its consideration of the defendant's guilt is concerned")).